UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ] | |
| v. | ] | Crim No. 05-206-02 (EGS) |
| | ] | |
| Houston Quildon, et.al., | ] | |
| **DENISE GREENE** | ] | |
|     **Defendant No. 02** | ] | |
| _____] | | |

**MOTION TO CONTINUE SENTENCING and REQUEST FOR A *BOOKER* VARIANCE**

    COMES NOW, the defendant, Denise Greene, by and through undersigned counsel, and respectfully request that the Court continue the sentencing date in this case for approximately thirty (30) days in order to permit the defendant to secure admission into a residential drug treatment facility. In support of her motion, the defendant states as follows:

    1. The defendant is before the Court for sentencing after having pleaded guilty to one count (Count 9) of Unlawful Distribution of 50 Grams or More of Cocaine Base, in violation of Title 21 U.S.C. Section 841(a)(1) and 846(b)(1)(A)(iii), on February 17, 2007.

    2. Paragraph 5 of the plea agreement entered into by the parties, stipulates that Ms. Greene is eligible for Safety Valve treatment under Section 5C1.2 of the Sentencing Guidelines.

    3. In order to achieve full benefit of her Safety Valve eligibility, counsel has undertaken efforts to secure a long term residential drug treatment program which would admit Ms. Greene, in hope of advancing an argument to the Court that Ms . Greene be granted a ***Booker*** variance in the form of a split sentence from the 51 to 63 months Guidelines range calculated in her Presentence Report. **(See, PSR at paragraph 47**.)

    4. Counsel has contacted the admission coordinators for Samaritan House, Second Genesis and Harbor Lights/Salvation Army drug treatment programs and have been informed that

no bed spaces are available for an incoming female participant for approximately three to six months. In addition, counsel has spoken with Ms. Sheila Halsey, (703-841-0703, ex. 243) the admission coordinator for the Phoenix House program offered through Vanguard Services (after consultation with USPO Lindsey Epson). Ms. Halsey informs counsel that she anticipates that a bedspace will become available for Ms. Greene, in a Vanguard affiliated drug treatment program, the Demitre Program for Substance Dependent Women with Children, by the third week of September, 2007. According to Ms. Halsely, the Demitre Program residential phase ranges from a minimum of 6 to 9 months, with a minimum requirement of one year aftercare participation.

    5. Counsel believes that there exist substantial evidence in the record of this case to support a finding by the Court that Ms. Greene, suffers from a severe addiction to crack cocaine. The Presentence Report notes that Ms. Greene admitted daily use of crack cocaine of the last 15 years. (See, PSR at paragraph 36, 37.) Ms. Greene further reported on prior residential treatment program placement of approximately 30 days in 1995. More importantly, the Court should take notice of the fact that when the authorities targeted Ms. Greene for investigation, they did so with the knowledge that she was primarily a user who facilitated narcotics transactions in order to obtain drug for her own personal use.

    6.    WHEREFORE, the defendant requests that her sentencing date be continued until September 21, 2007, or any date thereafter convenience for the Court and government, and that her motion for a *Booker* variance for the Sentencing Guidelines range otherwise applicable in this case be granted.

        Respectfully submitted,
        **DENISE GREENE**,
        By counsel
        _____/s/_____
        James W. Rudasill, Jr #318113
        717 D Street, N.W.
        Suite 310
        Washington, D.C.  20004
        (202) 783-7908

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the forgoing Notice was served by mail on Precious Murchison, Esq., Assistant United States Attorney, 555 Fourth Street, NW, Washington, D.C.  20530, and counsel for co-defendant Houston Quildon by electronic mail, this 15th day of August, 2007.

        _____/s/_____
        James W. Rudasill, Jr.