UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**
        v.                                  Crim No. 05-206-02 (EGS)

Houston Quildon, et.al.,
**DENISE GREENE**
    **Defendant No. 02**

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

COMES NOW, the defendant, Denise Greene, by and through counsel, and respectfully requests that the Court impose a reasonable sentencing of not more than 37 months imprisonment after consideration of the November 1, 2007 amendments to Section 2D1.1 of the advisory United States Sentencing Guidelines.  Defendant argues below that she is entitled to an overall downward adjustment of 3-levels in her base offense level (34) calculated in the Presentence Report (PSR at p.6).  Ms Greene further contends herein that her total adjusted offense level therefore should be set at **Level 21 (37- 46 months**) not **Level 24,** as stated in the Presentence Report (PSR at p. 7).  The defendant believes that any "reasonable sentence" taking into account the advisory Guidelines and the purposes of sentencing as set forth in the Sentencing Reform Act of 1984, (18 U.S.C. 3553(a)) should include **at least** a 1-level downward adjustment in offense level because of the law enforcement agent's exploitation of Ms. Greene's addiction to "crack cocaine" as the template for the investigation resulting in her prosecution.   Defendant contends that by knowingly facilitating the purchase and use of crack by Ms. Greene in furtherance of its investigation of her supplier, Houston Quildon, the law enforcement officer's investigative

methods constituted "governmental misconduct."  *See generally*, *United States v. Lopez,* **106 F.3d 309 (9th Cir. 1997)** [Holding that prosecutorial misconduct may be a basis for downward departure under then **mandatory** Sentencing Guidelines] *Compare, U.S. v. Dockery*, **965 F.2d 1112, 1116 (D.C. Cir. 1992)** [Holding that allegation of misconduct amounting only to claim of misuse of prosecutorial authority which does not reach constitutional dimensions is not a basis for departure under **mandatory** Sentencing Guidelines.]  *But see, Rita v. United States*, **127 S. Ct. 2465,2468 (2007)** [ Under the *post-BOOKER* regime, the District Court may conclude that the guideline sentence fails to reflect Sec. 3553(a) considerations, reflects an unsound judgment, does not treat defendant characteristics in the proper way, or that a different sentence is appropriate "regardless": *id. At 2463*.]

**I.  Factual Summary:**

1. On February 16, 2007, the defendant pleaded guilty pursuant to a written plea agreement to Count Nine of the indictment which charged Unlawful Distribution of 50 Grams or More of Cocaine Base in violation of Title 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(A)(iii).  As a result of her guilty plea, Ms. Greene faces a statutory mandatory minimum sentence of 10 years and a potential maximum sentence of life imprisonment at sentencing which is presently schedule for February 20, 2008.  This defendant admitted to a government's proffer of evidence which stipulated that as relevant conduct she was accountable under Section 2D1.1 of the Guidelines for at least 150 grams but less than 500 grams of "crack" cocaine base.

2. From February 16, 2005 through May 12, 2005, a cooperating witness, know to Ms. Greene as "Orlando" solicited through her the purchase of crack cocaine from co-defendant Quildon.  Prior to his arrest, "Orlando" had supplied Denise Greene with small quantities of crack cocaine consistent with personal use.  However, after his arrest, knowing the severity of Ms.

Greene's, Orlando informed his law enforcement handler that pursuing an investigation targeting Ms. Greene's new supplier could prove fruitful. The government has conceded that the Park Police officers who conducted this investigation were aware that prior to being approached by the confidential informant, that Denise Greene was not involved in large quantity drug transactions. Ms. Greene's "cut" from these quantity controlled- purchases by confidential informant was usually a small quantity of crack which she then smoked. Notably, for purposes of her governmental misconduct claim, the police videotape surveillance captures Ms. Greene smoking crack purchased by the confidential information and given to defendant as her "cut" after the February 23, 2005 transaction.

    3. On June 10, 2005, Ms. Greene was initially released into the High Intensity Supervision Program of the Pretrial Services Agency, in part to permit her efforts to earn a departure motion pursuant to Sentencing Guidelines Section 5K1.1. The Court imposed the further conditions that Ms. Greene observe a curfew and submit to weekly drug-testing monitored by the Pretrial Services Agency.

    4. On October 7, 2005, the Court order defendant remanded into custody due to repeated drug testing violations. Ms. Greene was held at CTF-CCA and participated in the DC Department of Corrections Lifeline Drug Counseling Program. On April 26, 2007, the Court released Ms. Greene to pursue additional drug treatment on an out-patient basis. Ms. Greene enrolled in a detox program at the George Washington University Hospital. On June 27, 2006, the Court determined that Ms. Greene had, for the second time, violated the conditions of pretrial release by her failure to refrain for the usage of illicit drugs. Ms. Greene has been held without bond in this case since this date and as of February 27, 2008, will have served 27 months of pretrial detention.

## II.  The Presentence Report's Advisory Guidelines Range

5. The Presentence Report (at pg. 6, para. 17) should be revised to reflect that under 2007 Amendments to Section 2D1.1(a) Ms. Greene's Base Offense Level should be **30** {32 minus Sec 3B1.2 Mitigating Role adjustment of -2 levels).  The probation officer should then adjusts this base offense level downward by two levels as Ms. Greene qualifies for the Safety Valve adjustment (PSR at pg. 6, para. 18, *citing* USSG 5C1.2) and an additional two levels for her Minor Role in the offense (PSR p. 6 , para. 20, *citing* USSG 3B1.2(b)) for a total of 4 levels resulting in a Total Offense Level of 26.  The defendant does not contest the propriety of these upward adjustment to her base offense level.

6. The Presentence Report notes that this defendant, upon recommendation of the government, should also receive a 3 level downward adjustment in her base offense level for acceptance of responsibility pursuant to USSG 3E1.1 (a) and (b) the defendant. (*See,*PSR at pg. 6, para. 24).  The defendant believes that her Total Adjusted Offense Level is should be Level 23. (*See*, PSR at pg.7, para. 24).

7. Likewise, the defendant, through counsel, is of the view that her Criminal History Category has been properly calculated in the Presentence Report as Category I.  And, that the correct advisory Sentencing Guidelines range which applies in this case, 47 to 56 months imprisonment, should be state at pg. 10, para. 47 of the Presentence Report.

8. However, the defendant contends, and argues below, that there are mitigating factors and circumstances which make the "advisory" Guidelines sentencing range of 47 to 56 months greater than necessary impose a "reasonable" and "just" punishment under Section 3553(a) of the Sentencing Reform Act. **See, Booker v. United States,***,* **543 U.S. 220, 125 S.Ct. 738 (2005).**  A district judge must include the Guidelines range in the array of factors warranting consideration,

but the judge may determine that, in the particular case, a within-Guidelines sentence is "greater than necessary" to serve the objectives of sentencing, §3553(a).  **See, David Kimbrough v. United States,  551 U.S.**_____**(App. No. 06-6330, Slip Op. at pg. 5., Dec 10, 2007).**

**III.  The Advisory Sentencing Guidelines range of 47 to 56 months which applies to this defendant imposes excessive punishment and is greater than necessary to achieve the purposes of Section 3553(a).**

### A.  The Federal Sentencing Scheme after *BOOKER*

9. Section 3553 of Title 18 of the United States Code is the statutory basis of the Federal sentencing structure. Congress delegated to the United States Sentencing Commission, pursuant to 18 U.S.C. §§ 993 and 994, authority to enact the United States Sentencing Guidelines. In *Mistretta v. United States,* **488 U.S. 361 (1989)**, the Supreme Court upheld the Sentencing Reform Act of 1984 ("SRA") and Congress' delegation of power to the Sentencing Commission.

10. In *United States v. Booker,* **543 U.S. 220, 125 S.Ct. 738 (2005)**, the Supreme Court ruled that the Sixth Amendment, as interpreted by the Court's decision in *Blakely v. Washington*, **542 U.S. 296, 124 S. Ct. 2531 (2004),** mandates that the Guidelines can no longer operate as mandatory sentencing rules. The Court reaffirmed the Court's holding in *Apprendi v. United States*, **530 U.S. 466 (2000**). That  is, any fact, other than a prior conviction, that increases the penalty for a crime beyond the facts established by a guilty plea or jury verdict must be proved to a jury beyond a reasonable doubt or admitted by the defendant. *Booker*, **125 S.Ct. at 760-61.**

11. In the second part of the decision, the Court held that two provisions of the SRA, 18 U.S.C. § 3553(b)(1) (the provision of the federal sentencing statute which requires sentencing courts to impose a sentence within the applicable Guidelines range, absent a basis for departure) and 18 U.S.C. § 3742(e) (the provision that establishes standards for appellate review) must be severed and

excised. *Id.,* at 764. Thus, the Guidelines are now "effectively advisory." *Id.,* at 743. A sentencing court is court is <u>not</u> required to adhere to the Guidelines. **United States v. Price, 409 F.3d 436, 442 (D.C. Cir. 2005)**. Nevertheless, a sentencing court is still required to "consult [the] Guidelines and take them into account when sentencing." ***Id.*, at 435 (quoting *Booker,* 125 S.Ct. at 745). *Id.***

12. Section 3553(a) requires sentencing courts "<u>to impose a sentence sufficient, but not greater than necessary</u>, to comply with the purposes set forth" in the SRA. Those purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .18 U.S.C. § 3553(a)(2)(emphasis added).

In determining the sentence minimally sufficient to comply with Section 3553(a)(2), the sentencing court must consider several factors listed in Section 3553(a). These are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the kinds of sentence available"; (3) the Guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) Guideline range; (4) "the need to avoid unwarranted sentencing disparity among defendants with similar records who have been found guilty of similar conduct"; and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(1), (a)(3)--(a)(7).

B. <u>DISCUSSION</u>

13. After examining the facts in this case and applying all of the Section 3553(a) factors, we

ask the Court to impose a sentence that would require no more than 37 months imprisonment. This requested sentence, we submit, is no greater than necessary to achieve the goals of the SRA.

A. Nature and Circumstances of Offense and History and <u>Characteristics of Ms. Greene (18 U.S.C. § 3553(a)(1))</u>.

14. Ms. Greene has admitted to committing a very serious crime. She has already taken steps to prepare herself to reenter the workplace after she is released from prison. Ms. Greene has a substantial employment history having worked at the Library of Congress for over 26 years as a copyright specialist. During her pretrial incarceration, Ms. Greene has completed a computer literacy course and is a mentor and peer counselor in the LifeLines Drug program at CCA-CTF.

15. Under the Guidelines, courts are not to consider a defendant's family ties and responsibilities and community ties. *See,* U.S.S.G. § 5H1.6. However, "the [G]uidelines' prohibition of considering these factors cannot be squared with § 3553(a)(1)'s requirement that the court evaluate the "history and characteristics" of Ms. Green. ***See United States v. Ranum,* 353 F.Supp.2d 984 (E.D. Wis. 2005)**.

Ms. Greene requests that the Court take into consideration in fashioning a sentence that she has a now 15-year old son (Kevin Greene) who is in the care and custody of her elderly mother (age 79). Her son is a "special needs" student who educational progress has been negatively affected by her incarceration.

B. <u>The Kinds of Sentences Available (18 U.S.C. § 3553(a)(3))</u>.

16. Since the Guidelines are now advisory, the sentencing table and the restrictions on probationary sentences, sentences of home confinement, and split sentences in U.S.S.G. §§ 5A, 5B1 and 5C1 are also advisory. Notwithstanding, the offense to which Ms. Greene has pled guilty calls

for a sentence in the range of 47 to 56 months, Ms. Greene request that the Court find that a reasonable sentence which constitutes just punishment in this case would be satisfied through the imposition of a sentence of imprisonment of 37 months or less. Ms. Greene further requests that the Court waive the imposition of any fine as she is unemployed.

**D. The Need to Avoid Unwarranted Sentence Disparities Among Defendants With Similar Records Who Have Been <u>Found Guilty of Similar Conduct (18 U.S.C. § 3553(a)(6)).</u>**

17. Section 3553(a)(6) directs sentencing judges to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Ms. Green has not pled guilty to conspiracy to possess with the intent to distribute cocaine base nor was she a supplier of the drug . Therefore, any sentences that have been or will be imposed in the related Quildon case is not relevant to the Court's consideration of an appropriate sentence in this case. We espouse this position out of a belief that the government does not dispute that Ms. Greene is significantly less culpable than her co-defendant, Mr. Quildon, in the commission of the offenses involved in this case.

**E. The Need to Provide Restitution to Any Victims of the**

   **<u>Offense (18 U.S.C. § 3553(a)(7)).</u>**

18. Section 3553(a)(7) directs sentencing judges to consider "the need to provide restitution to any victims of the offense." There are no discernable victims who incurred a financial loss in this case.

**F. <u>Request for BOP's Residential Drug Abuse Treatment Program.</u>**

19. The PSR writer appropriately finds that Ms. Greene may benefit from a judicial recommendation for her participation in the Bureau of Prison's Drug Abuse Treatment Program. We respectfully ask the Court to recommend Ms. Greene for this program as well as to order

aftercare drug treatment as a condition of any term of supervised release. During her 27 months of pretrial incarceration, Ms. Greene has regained her sobriety and is confident that she has acquired the necessary coping skills to manage the daily stresses of life without the need to "get high" on crack cocaine. Ms. Greene is painfully aware that her record on pretrial release does not lend support to her claim. And she acknowledges that the Court may well be understandably skeptical about her claim of recovery from her addiction having previously twice released her into the community based of similar representations. Ms. Greene represents to the Court that she has undergone an epiphany concerning her use of illegal drugs. At the age of 56, she comes before the Court for sentencing with a full appreciation that any punishment imposed is the direct the consequences of her past addictive behavior and that a continuation such self-destructive behavior will only result in additional periods of incarceration and or a premature death.

### IV. CONCLUSION

20. The Sentencing Reform Act provides a list of goals for sentencing judges to consider when imposing sentence, including: (1) promoting respect for the law, (2) providing just punishment for the offense given the circumstances, (3) affording adequate deterrence for criminal conduct, (4) protecting the public, and (5) providing Ms. Greene with reasonable rehabilitative services. A sentence no greater than 37 months in prison will achieve the above-listed objectives.

                                              Respectfully submitted,
                                              **Denise Greene, by counsel:**

                                            _____/s/_____
                                            JAMES W. RUDASILL, JR
                                            D.C. Bar No. 318113
                                            717 D Street, N.W , Suite 200
                                            Washington, D.C. 20006
                                            (202-783-7908)

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the forgoing Notice was served by CM-ECF mail on Assistant United States Attorney, 555 Fourth Street, NW, Washington, D.C. 20530, and counsel for co-defendant Houston Quildon by electronic mail, this 20th day of February 2008.

                                          _____/s/_____
                                          James W. Rudasill, Jr.